# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>vs.<br><br>AMY SIMPSON,<br><br>                        Defendant. | CASE NO. 06cr1242 DMS<br>             10cv1048 DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**<br><br>**[Docket No. 665, 683, 704]** |

This case returns to the Court on Defendant's motion to vacate the judgment and sentence in this case pursuant to 28 U.S.C. § 2255.[1] The Government has filed a response to the motion, and Defendant has filed a reply. After reviewing the motion, opposition, reply, and all supporting documents and the record on file herein, the Court denies the motion.

**I.**

**BACKGROUND**

On June 6, 2006, the Government filed an Indictment against Defendant Amy Simpson alleging she violated 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to distribute methamphetamine. Defendant was arrested on June 16, 2006, and appeared in Court for her arraignment on June 19, 2006. Defendant pled guilty to the one count on March 7, 2008. On May 15, 2009, the Court sentenced

/ / /

---

[1] Defendant also moves for release on bond pending the Court's review of her § 2255 motion. In light of the Court's denial of the § 2255 motion, Defendant's motion for release on bond is denied as moot.

Defendant to fifty-seven (57) months in custody followed by five (5) years supervised release. Defendant filed the present motion on May 13, 2010.

## II.

## DISCUSSION

Defendant asserts she received ineffective assistance of counsel in this case. Specifically, Defendant argues her counsel was ineffective for failing to file a motion to dismiss the indictment due to a violation of the Speedy Trial Act ("STA"). The Government contends Defendant waived this claim when she entered into the Plea Agreement. It also argues there was no violation of the STA, and therefore no ineffective assistance of counsel.

**A. Waiver**

The government asks the Court to enforce the term of the Plea Agreement in which Defendant waived her right to collaterally attack her sentence. Defendant did waive that right, *see Plea Agreement* § XI, but the Ninth Circuit has recognized an exception to such waivers when a defendant alleges ineffective assistance of counsel. *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992). Thus, the Court will examine Defendant's ineffective assistance of counsel claim on the merits.

**B. Ineffective Assistance of Counsel**

An attorney's representation violates the Sixth Amendment right to counsel if two factors are met. *See Strickland v. Washington*, 466 U.S. 668 (1984). First, the attorney's representation must fall below an objective standard of reasonableness. *Id.* at 688. Second, there must be prejudice, *i.e.*, a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694.

Here, Defendant argues her attorney was ineffective for failing to file a motion to dismiss the indictment due to a violation of the STA. Defendant insists there was a violation of the STA, and thus the case against her would have been dismissed if her attorney had filed the motion. The underlying premise of Defendant's argument, however, is incorrect.

"The Speedy Trial Act provides that trial shall commence no later than seventy days from indictment or first appearance in court, whichever is later, unless time is excluded from the calculation

1 for various reasons such as filing and deciding pretrial motions." *United States v. Chen Chiang Liu*, 631 F.3d 993, 996 (9th Cir. 2011) (citations omitted). The first step in determining whether there has been an STA violation is to "determine when the clock began running." *Id.* at 998 (citing *United States v. King*, 483 F.3d 969, 972 (9th Cir. 2007)). Defendant asserts her clock began running on July 11, 2006, when the last of her co-defendants made their first appearance in court. This assertion is correct, *see United States v. Daychild*, 357 F.3d 1082, 1090-91 (9th Cir. 2004) ("The speedy trial clock starts running after the indictment or arraignment (whichever comes last) of the last defendant."), but on that date there was a pretrial motion pending before the Court. (*See* Docket No. 42.) That motion was pending until November 29, 2006, thereby excluding the time between July 11, 2006, and November 29, 2006. *See* 18 U.S.C. § 3161(h)(1)(D). Furthermore, the time between November 29, 2006, and October 3, 2007, was excluded pursuant to 18 U.S.C. § 3161(h)(8)(A). (*See* Docket Nos. 101, 122, 150, 186, 239.) The clock did not start running on that date, however, because there was another pretrial motion pending before the Court. (*See* Docket No. 249.) That motion remained pending until February 5, 2008, and thus that time was excluded pursuant to § 3161(h)(1)(D). On February 5, 2008, there was another motion pending before the Court. (*See* Docket No. 294.) That motion remained pending until February 29, 2008, on which date another motion was filed. (*See* Docket No. 346.) The Court ruled on that motion on March 4, 2008, which would have started Defendant's speedy trial clock, but on March 5, 2008, Defendant informed the Court that she wished to change her plea, rendering that time excluded pursuant to 18 U.S.C. § 3161(h)(1)(G). Defendant's plea was subsequently entered on March 7, 2008.

Under these circumstances, there was no violation of the STA. Indeed, the Court agrees with the Government "that not a single day of non-excludable time elapsed with respect to [Defendant]." (*See* Resp. to Mot. at 6 n.4.) Absent a violation, counsel did not render ineffective assistance by failing to file a motion to dismiss the indictment on that basis. *See Sturgis v. Goldsmith*, 796 F.2d 1103, 1110 n.4 (9th Cir. 1986) (finding no ineffective assistance where underlying claim lacked merit).

/ / /

/ / /

/ / /

## III.

## CONCLUSION

For these reasons, Defendant's motion pursuant to 28 U.S.C. § 2255 is denied.

**IT IS SO ORDERED**.

DATED: March 18, 2011

HON. DANA M. SABRAW
United States District Judge